| | |
|---|---|
| KEVIN K. RICE,<br>    Plaintiff,<br><br>v.<br><br>FRONT BOOTH SECURITY<br>AGENT AT UPS, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:      No. 21-cv-1293<br>:<br>:<br>:<br>: |

## MEMORANDUM

Joseph F. Leeson, Jr.                                                            June 3, 2021
United States District Judge

       Plaintiff Kevin K. Rice has filed a *pro se* civil action asserting claims of employment discrimination against the following named Defendants: (1) Front Booth Security Agent at UPS; (2) Security Supervisor for UPS; and (3) Human Resources Department for UPS.[1] (ECF No. 5 at 2.)[2] Rice seeks leave to proceed *in forma pauperis*. For the following reasons, Rice will be granted leave to proceed *in forma pauperis*, and his Amended Complaint[3] will be dismissed

---

[1] Rice listed "UPS 15 E. Oregon Ave. Philadelphia, PA 19148" in the caption of his Amended Complaint (ECF No. 5 at 1), but did not specifically list UPS as one of the named defendants on page two of the form complaint where a *pro se* litigant is instructed to "[l]ist all defendants." (*Id.* at 2.) It is, therefore, unclear to the Court as to whether Rice intended to name UPS as a defendant in this matter, but construing the pleading liberally, the Court will deem UPS to be a named Defendant in place of "Human Resources Department for UPS." The Clerk of Court will be directed to substitute "UPS 15 E. Oregon Ave. Philadelphia, PA 19148" as a Defendant in place of "Human Resources Department for UPS."

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Rice will, however, be given an opportunity to file a second amended complaint.

I.  **FACTUAL ALLEGATIONS**

Rice avers that the events giving rise to his claims occurred on Friday, December 18, 2020, at the front security booth and parking lot of 15 E. Oregon Avenue, Philadelphia, Pennsylvania. (ECF No. 5 at 3.) Rice avers that he went to the "UPS location" to receive his employee check at 8:00 a.m. and was met with a "sever[e] attitude" from a security guard. (*Id.* at 3.) Rice felt "intimidated by the hostile talk" and requested to speak with a supervisor. (*Id.*) The security guard responded that she met that criteria, and Rice pulled out his identification and displayed a voided check from the previous work week and "explained [his] work situation and location." (*Id.*) According to Rice, he asked every other employee that passed by for "help" and security advised each employee, "don't get HR for him." (*Id.*) Rice asserts that one "[S]panish staff member put his body on [his] making physical contact in a[n] aggressive manner." (*Id.*) Rice "ran to [his] car in fear and called the Philadelphia Police." The police officer arrived and after Rice explained his story, the police officer "had to write [him] a police report" just to get his check from UPS. (*Id.*) Rice avers that his manager texted him a few hours later and told him that he was laid off. (*Id.*)

---

938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

Rice asserts that the basis for federal court jurisdiction is both federal question and diversity.[4] (*Id.* at 2.) With respect to federal question jurisdiction, Rice asserts that the following rights are at issue:

> wrongful termination, discrimination, racism, revenge and retribution, malicious behavior, abuse of authority, mental anguish, impeding development, hostile environment, threatening bodily harm and injury, harassment, pain and suffering, hardship, [and] breach of contract.

(*Id.*)

Rice asserts that he has suffered mental anguish and paranoia and although he is in the process of seeking a therapist to aid him, arranging to see a psychiatrist "isn't a[n] easy task." (*Id.* at 4.) Rice seeks an apology from the individuals involved as well as monetary damages in the amount of $20,000. (*Id.*) Rice also seeks his regular compensation of $21.00 per hour from December 18, 2020, until the end of the seasonal position for which he was hired, which ended sometime between December 25, 2020, and January 1, 2021. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Rice leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

---

[4] To the extent Rice sought to raise state claims, he has not pled an independent basis for jurisdiction because the parties are not diverse. (ECF No. 5 at 3.) 28 U.S.C. § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As the Court will dismiss Rice's federal law claims, the Court will not exercise supplemental jurisdiction over any state law claims, which will be dismissed without prejudice.

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). As Rice is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Claims Against UPS

Title VII of the Civil Rights Act prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See generally E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015); *see also* 42 U.S.C. § 2000e, *et seq.*; 29 U.S.C. § 621; 42 U.S.C. § 12112). To state a claim under the federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]." [5] *Connelly v. Lane Constr. Corp.*, 809

---

[5] In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under

4

F.3d 780, 789 (3d Cir. 2016) (internal quotations omitted). Title VII protects only against harassment based on discrimination against a protected class; it is not "a general civility code for the American workplace." *See Mufti v. Aarsand & Co.*, 667 F. Supp. 2d 535, 544 (W.D. Pa. 2009) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998)). "[T]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" do not support a hostile work environment claim. *Mufti*, 667 F. Supp. 2d at 545 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

To the extent that Rice intended to bring Title VII claims against his employer UPS, even under a liberal reading, Rice's Amended Complaint fails to allege a plausible claim under the federal statutes prohibiting employment discrimination. Rice has not alleged any facts supporting his conclusory allegations that UPS discriminated against him. In fact, Rice has not identified his membership in a protected class, nor has he explained how he was discriminated against by UPS because of those characteristics. In other words, although Rice has described an incident that allegedly occurred at the security booth of his place of employment, he does not link that treatment or any adverse action to his membership in a protected class. Because the Amended Complaint does not contain anything more than conclusory allegations of discrimination, Rice has failed to state claims pursuant to Title VII at this time. *See Khalik v. United Airlines*, 671 F.3d 1188, 1193 (3d Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her

---

circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

5

termination, are insufficient to survive a motion to dismiss."). However, the Court will give Rice leave to file a second amended complaint in the event he can plead additional facts to state a plausible claim for relief against UPS. *See Grayson*, 293 F.3d at 114.

Additionally, Rice should take note that a plaintiff pursuing an employment discrimination claim in federal court must first exhaust administrative remedies before filing a lawsuit in federal court. *See generally Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) ("'It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.'") (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)); *Robinson*, 107 F.3d at 1020-21 (explaining exhaustion requirements for federal employees claiming employment discrimination). Rice does not allege that he filed a charge with the EEOC, or that he received a Notice of Right to Sue Letter. Neither did he attach a copy of such a letter to his Amended Complaint. It is not clear that Rice has exhausted administrative remedies as to any of his employment claims and, in any event, the claims fail because they are not adequately pled.

### B. Claims Against Other Named Defendants

To the extent that Rice seeks to bring Title VII claims against any Defendant other than his employer UPS, those claims must be dismissed with prejudice. Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). Rice, however, seeks to assert claims under Title VII against individuals who are not his employer, namely, a Front Booth Security Agent at UPS and a Security Supervisor for UPS. An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as those persons

6

or entities just named, holding the term "employer" as used in Title VII does not encompass individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996). Accordingly, the Title VII claims against Front Booth Security Agent at UPS and Security Supervisor for UPS are dismissed with prejudice.

IV. CONCLUSION

For the foregoing reasons, the Court will grant Rice leave to proceed *in forma pauperis* and dismiss his Amended Complaint in part with prejudice and in part without prejudice. The Court will allow Rice to file a second amended complaint in the event he can state a plausible claim against an appropriate defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**